THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| | : | |
| v. | : | CRIMINAL NO. 04-828 |
| | : | |
| PAUL PENNANT | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.,**                                                                                             February 11, 2009

      Paul Pennant asks this Court to vacate his sentence on grounds he received ineffective assistance of counsel during his guilty plea. The Government argues Pennant waived his right to collaterally challenge his sentence as a part of his plea agreement. Because I find Pennant's waiver of his collateral appeal rights was knowingly, intelligently, and voluntarily entered, I will deny Pennant's motion.

      Pennant raises five issues in his petition for a writ of habeas corpus under 28 U.S.C. § 2255[1], alleging ineffective assistance of counsel during his plea and a violation of his Fifth Amendment rights during sentencing.

---

[1] Federal custody; remedies on motion attacking sentence
    (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

**FACTS**

On December 27, 2004, the Government filed an information charging Pennant with conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana in violation of 21 U.S.C. § 846. Approximately four months later, on April 20, 2005, the Government filed a notice pursuant to 21 U.S.C. § 851 which detailed Pennant's prior drug felony conviction.[2]

When Pennant entered his guilty plea on May 10, 2005, after a colloquy, he also waived his right to an indictment. During the colloquy, I informed Pennant of the charges against him and the consequences of choosing to plead guilty rather than proceeding to trial. In particular, I warned Pennant the plea agreement severely limited his right to appeal or to otherwise challenge his sentence or conviction. I cited only three instances where Pennant could appeal his case: if the Government appealed my sentence; if my sentence exceeded the statutory maximum; or if I erroneously departed upward from the otherwise applicable sentencing guidelines. Pennant stated he understood this information and chose to enter a guilty plea.

On the day of sentencing, the Government erroneously stated, "Mr. Pennant was the primary person with the primary contacts in Mexico with the suppliers of marijuana." Sentencing Tr. 22. Pennant's attorney did not object to the Government's misstatement. The factual basis for Pennant's guilty plea and the Pre-Sentence Investigation Report (PSIR) correctly identified Pennant's

---

[2]Specifically, the § 851 motion alleged

> One or about September 30, 1991, in the Court of Common Pleas of Philadelphia County, Pennsylvania, defendant PAUL PENNANT, was sentenced to five year [sic] or probation following his conviction for a felony controlled substance violation on Common Pleas Docket No. CP#9008-2498 8/8, arising from a July 1, 1990 arrest by the Philadelphia Police Department in violation of 35 PA.C.S.A. 780-113(30), a felony under the laws of the Commonwealth of Pennsylvania.

Govt.'s § 851 Mot. (Dec. 27, 2004).

2

secondary role. The Government filed a Motion under Guidelines § 5k1.1 and 18 U.S.C. § 3553(e) recognizing Pennant's substantial assistance in the investigation and prosecution of other persons to justify a downward departure from the guideline sentencing range and from the mandatory minimum sentence. After considering the Guideline range of 262-327 months and the Government's Motion, I imposed a sentence of 174 months' imprisonment, 10 years' supervised release..

Despite the waiver in his plea agreement, Pennant filed a notice of appeal on October 28, 2005. The Third Circuit Court of Appeals granted the Government's motion to enforce the appellate waiver and dismissed Pennant's request. Subsequently, Pennant filed this Motion under section 2255.

**DISCUSSION**

Criminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver. *United States v. Mabry*, 536 F.3d 231, 243 (3d Cir. 2008). A valid waiver requires a colloquy which results in a knowing and voluntary decision.[3] *Id.* at 244. In this case, as in *Mabry*, the written plea agreement "provides that the waiver is very broad, admits of no exceptions, and applies to both direct appeal and collateral challenge rights." *Id.* at 238.

The record indicates I ensured Pennant's waiver was "knowingly and voluntarily" made. The text of the plea agreement signed by Pennant specifically stated he "voluntarily and expressly" waived "*all* rights" to collaterally attack his sentence under 28 U.S.C. § 2255. Guilty Plea

---

[3] Waivers are generally upheld "since a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless" *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). *See also U.S. v White*, 307 F3d 336, 344 (5th Cir. 2002) (stating "[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded").

3

Agreement ¶ 10.  During the Rule 11 colloquy, I reviewed this waiver at length with Pennant and specifically stated his right to challenge his sentence and conviction by *habeas corpus* was severely limited by the agreement.[4]  Pennant stated he understood the limitations to his rights.  Guilty Plea Hr'g Tr. 34:14-15.  He further agreed his decision to plead guilty was made free of coercion or other inducement.  *Id.*, 23:1-13.  Thus, Pennant knowingly and voluntarily elected to enter his plea understanding the consequences.

Even though I am satisfied Pennant's waiver of his appellate rights was knowing and voluntary, I am also obligated to examine whether his plea and sentencing resulted in a miscarriage of justice.  *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir.2001) (stating "[t]here may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver").  A "miscarriage of justice" exists where "constitutionally deficient lawyering prevented [a defendant] from understanding his plea or from filing a direct appeal as permitted by his plea agreement."  *United States v. Shedrick*, 493 F.3d 292, 297-98 (3d Cir. 2007) (invalidating a waiver because counsel failure to file an appeal deprived the defendant of "the opportunity properly to raise the issue he had previously expressed a desire for this Court to review and which he had explicitly preserved in his plea agreement and colloquy").

The Third Circuit directs the court to consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error . . ., the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result" to determine whether a miscarriage of justice occurred.  as

---

[4] During the colloquy, I stated: "In other words, the appeal – the plea bargain agreement, severely limits your right to appeal and it also prevents you from using a later proceedings (sic), like, a *habeas corpus* to challenge your conviction, sentence or any other matter. Do you under stand that?" Guilty Plea Hr'g Tr. 34:10-14. Pennant responded "Yes, your honor." *Id.* at 34:15.

factors to consider before invalidating a waiver as involving a "miscarriage of justice." *Mabry*, 536 F.3d at 242-43 (citing *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001)).  Because I find none of Pennant's five allegations rises to the level of error, and because his sentence was below the Guideline range, I am satisfied there has been no miscarriage of justice.

Pennant claims ineffective assistance of counsel for failing to object to the timeliness of Pennant's waiver of indictment, the timeliness of the Government's motion under 21 U.S.C. § 851, and the Government's statement of his role in the conspiracy at sentencing.  Under the two-part test of *Strickland v. Washington,* 466 U.S. 668 (1984), Pennant must demonstrate his counsel's performance "fell below an objective standard of reasonableness," *Id.* at 688, and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Pennant's guilty plea ends his first claim regarding the timeliness of his indictment.  The Fifth Amendment requires the Government to prosecute felonies by indictment.  Under the Federal Rules of Criminal Procedure, the Government may prosecute non-capital felonies by information instead, but only when the defendant has waived indictment "in open court and after being advised of the nature of the charge." Fed.R.Civ.P. 7(b). Until a defendant has waived indictment pursuant to Rule 7(b), a court in possession of an information but not in possession of a waiver of indictment lacks subject matter jurisdiction over the case.  *United States v. Wessels*, 139 F.R.D. 607, 609 (M.D. Pa.1991).  An individual may not be punished for an offense based on an information unless the information was "instituted" within five years after the offense was committed.  18 U.S.C. § 3282(a).[5]  Pennant argues an information is not "instituted" until two events occur: (1) the

---

[5]Offenses not capital
    (a) In general.--Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is

information is filed with the office of the clerk, and (2) the defendant waives the indictment and agrees to be prosecuted by the information. Pet'r Br. 12. The final act of the conspiracy for which Pennant was convicted occurred on March 19, 2000. The Government filed the information charging Pennant on December 27, 2004, well within the five-year window prescribed by 18 U.S.C. § 3282(a). Pennant, however, did not formally waive indictment until May 10, 2005, three weeks beyond the five-year window. Pennant asserts his counsel was ineffective for not filing a motion to dismiss based on the Government's failure to procure a waiver within the statutory time period.

By pleading guilty, Pennant lost the right to raise this argument. The Third Circuit has long held "[a] plea of guilty is a waiver of all nonjurisdictional defects and defenses and constitutes an admission of guilt." *United States v. Ptomey*, 366 F.2d 759, 760 (3d Cir. 1966). During the plea colloquy, Pennant expressly waived the right to be charged by indictment and chose to enter a guilty plea. Guilty Plea Hr'g Tr. 39:5-25. By entering this plea, Pennant waived the right to challenge the validity of the information on statute of limitations grounds. *Ptomey*, 366 F.2d at 760. *Cf. U.S. v. Machado*, 2005 WL 2886213, at *4 (D.Mass. 2005) (finding defendant did not waive indictment because no guilty plea was taken). Thus, because Pennant is not raising any jurisdictional defect in

---

found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C.A. § 3282.

the information,[6] his guilty plea rendered any procedural deficiency in the information moot. Consequently, his counsel was not ineffective for failing to file the motion.[7]

Pennant contends his counsel was ineffective for failing to object to the Government's special information filed under 21 U.S.C. § 851. Section 851 allows the Government to seek increased punishment based on one or more prior convictions. *Id*. at (a)(1). A section 851 information may not be filed, however, unless the defendant "either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed." *Id.* at (a)(2). In this case, the Government filed the section 851 information on April, 20, 2005, and Pennant waived his right to indictment three weeks later during the guilty plea colloquy. Citing this time difference, Pennant argues his counsel was ineffective for failing to object to the timeliness of a section 851 motion entered before a waiver of indictment.

Although it appears the section 851 information was filed prematurely, the error is harmless because the Government could have re-filed the information after Pennant's waiver and the result would have been the same. Thus, Pennant's claim does not meet *Strickland's* requirement "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. 668 at 694. Had Pennant's attorney objected, the Government would have had to re-file

---

[6] Pennant is not arguing his waiver is absent in this case, therefore I do not need to address the question of whether this court lacked subject matter jurisdiction over his case. *Cf. U.S. v. Wessels*, 139 F.R.D. 607, 609 (M.D. Pa. 1991) (stating "[u]nless there is a valid waiver, the lack of an Indictment in a federal felony case is a defect going to the jurisdiction of the court.").

[7] The information arguably was valid despite the lack of a formal waiver. Although there is no Third Circuit authority addressing the issue, courts in other circuits have found the filing of an information with the court "instituted" it within the meaning of the statute of limitations even though the defendant had not formally waived the right to indictment. See *United States v. Burdix-Dana*, 149 F.3d 741, 743 (7th Cir. 1998), *cert. denied*, 525 U.S. 1180 (1999); *United States v. Stewart*, 425 F. Supp. 2d 727, 735 (E.D. Va. 2006); *U.S. v. Watson*, 941 F. Supp. 601, 603-04 (N.D. W.Va.1996). *But see United States v. Machado*, 2005 WL 2886213, *2 (D. Mass. Nov. 3, 2005) (finding information was not "instituted" without waiver of indictment).

the information before the plea proceedings continued. 21 U.S.C. § 851 (a)(1). Pennant's counsel cannot be faulted for failing to raise the objection for an issue easily but inconveniently remedied. *See Smith v. Robbins*, 528 U.S. 259, 272 (2000) (holding attorneys are under an ethical duty to refrain from raising frivolous arguments).[8]

Pennant further argues his counsel was ineffective for failing to object to the Government's statement Pennant was the primary person with contacts to the marijuana suppliers in Mexico. The Supreme Court evaluated the effect of prosecutorial misstatements in *United States v. Young*, 470 U.S. 1, 11 (1985). The Court found "[i]nappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *Id.*  The Third Circuit applies *Young* to sentencing proceedings. *See, e.g.*, *United States v. Nappi*, 243 F.3d 758, 762 (3d Cir. 2001). Because Pennant's role was accurately stated during his guilty plea and in his PSIR, and I sentenced Pennant below the Guideline range, it is clear the misstatement had no effect on Pennant's sentence. Pennant's argument, therefore, fails the *Strickland* test because the result of the proceeding would not have been affected by a timely objection to the misstatement. *Strickland,* 466 U.S. 668 at 694.

Pennant also argues his counsel was ineffective for failing to argue on direct appeal the Government's misstatement resulted in prejudice. During my colloquy with Pennant, I discussed his appellate rights at length. In addition, I discussed the maximum sentence he faced under the plea agreement. With full awareness of the consequences of his actions, Pennant accepted the agreement and pled guilty. Guilty Plea Hr'g Tr. 42:22. The sentence I imposed was below the statutory

---

[8]The Third Circuit has not decided whether the requirements of section 851 are jurisdictional. *United States v. Bryant*, 187 Fed. Appx. 134, 135 n.1 (3d Cir. 2006) (unpublished) (collecting cases). Pennant arguably waived the right to challenge his sentence on these grounds when he pled guilty. *Ptomey*, 366 F.2d 759 at 760 (holding guilty plea is a waiver of non-jurisdictional defects).

maximum and below the guidelines. Given the precautions I exercised, Pennant's assent to the plea agreement, and the explicit waiver in the plea agreement, Pennant's counsel was not ineffective in failing to pursue the inaccurate representation claim on appeal.

Finally, Pennant argues his sentence violated the Fifth Amendment because it was based on materially inaccurate information or false assumptions. The Third Circuit has previously recognized "it is beyond dispute that a sentencing calculation may violate the due process clause of the Fifth Amendment if there is a possibility that the sentence imposed may have been based on legal and/or factual error." *United States v. Mannino*, 212 F.3d 835, 846 (3d Cir. 2000). More specifically, "[d]ue process is violated if a sentencing court imposes a sentence based on extensive and materially false information." *Bibby v. Tard*, 741 F.2d 26, 30 (3d Cir. 1984) (citing *Townsend v. Burke*, 334 U.S. 736 (1948)). Thus, to set forth a valid Constitutional claim, Pennant must show (1) the information was "extensive and materially false" and (2) the Court relied on this information. *Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir. 1978) (en banc). *See also Miller v. United States*, 779 F.2d 51 (6th Cir. 1985). To the contrary, the record shows I sentenced Pennant below the Guideline range and did not increase his sentence for the misstated leadership role in the conspiracy. Pennant's Fifth Amendment claim fails because he suffered no prejudice.

Pennant also argues he is entitled to a hearing on his claims. The question of whether to order a hearing to review Pennant's claim is within my sound discretion. *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). In exercising this discretion, however, I must take Pennant's factual allegations as correct and order an evidentiary hearing unless the record conclusively shows Pennant is not entitled to relief. *Id.* Following this standard, I have determined an evidentiary hearing is not required because the record conclusively shows Pennant's petition should be denied.

An appropriate order follows.

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | CRIMINAL NO. 04-828 |
| | : | |
| PAUL PENNANT | : | |

## **ORDER**

And now this 11th day of February, 2009, Defendant's Motion to Vacate, Set Aside or Correct Sentence (Document 51) is DENIED. No grounds exist for a certificate of appealability.

BY THE COURT:

/s/ Juan R. Sánches
Juan R. Sánches                    J.