IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 04-828 |
| PAUL PENNANT | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                 **November 17, 2023**

Defendant Paul Pennant filed a pro se Petition for Writ of Error Coram Nobis seeking to vacate his 2005 conviction for conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana in violation of 21 U.S.C. § 846. Because Pennant fails to satisfy the criteria for coram nobis relief, his petition shall be denied.

**FACTUAL BACKGROUND**

On December 27, 2004, Pennant was charged in an Information with conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana in violation of 21 U.S.C. § 846. Specifically, the Information charged that Pennant was a member of a drug transportation organization that regularly moved thousand-kilogram quantities of marijuana from Texas to Philadelphia in tractor trailers[1], during the period from at least May 1999 through December 2000. Information 1-2, ECF No. 1. Some two weeks prior to the scheduled trial, the Government filed a separate Information under 21 U.S.C. § 851, charging Pennant with having previously been

---

[1] More particularly, the Information alleged that in March 2000, Pennant and three others transferred $900,000 in cash to Pennant's co-conspirator at Pennant's nightclub in Philadelphia, and that the co-conspirator then took the funds with him in a tractor trailer to Texas to purchase 6,200 pounds of marijuana. Information 1-2. After being loaded in Pharr, Texas, the tractor trailer was stopped on March 19, 2000 by Texas Border Patrol agents in Falfurrias, Texas and the marijuana seized. *Id.* at 2-3.

convicted in the Philadelphia County Court of Common Pleas of manufacturing, delivering and/or possessing with intent to manufacture or deliver a controlled substance in violation of 35 P.S. § 780-113(a)(30). ECF No. 14. On May 10, 2005, Pennant pled guilty to the federal drug charge pursuant to a Guilty Plea Agreement with the Government. Guilty Plea Agreement, ECF No. 32. Pennant was sentenced on October 18, 2005 to 174 months' imprisonment, to be followed by ten years of supervised release, and he was fined and assessed $17,600. J. 1-4, ECF No. 44. Pennant appealed, but because his plea agreement contained an appellate waiver which was upheld by the Third Circuit Court of Appeals, his appeal was dismissed. Order, Apr. 20, 2006, ECF No. 50.

On April 5, 2007, Pennant filed a counseled Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, alleging his counsel was ineffective during his guilty plea for failing to object to: (1) the timeliness of his waiver of indictment,[2] (2) the timeliness of the Government's motion under 21 U.S.C. § 851 seeking an enhanced sentence based upon prior convictions, and (3) the Government's statement of his role in the conspiracy at the sentencing. ECF No. 51. Because Pennant had in fact been advised of the charges against him and his rights in an extensive colloquy in open court and in his written guilty plea agreement, had waived prosecution by indictment, and had not shown a miscarriage of justice, the Court denied his § 2255 motion and declined to issue a certificate of appealability. Mem. 1, 5-8, Feb. 11, 2009, ECF No. 55. Agreeing that Pennant had failed to make the required substantial showing of the denial of a

---

[2] Federal Rule of Criminal Procedure 7(a)(1) requires that most offenses punishable by death or more than one year's imprisonment be prosecuted by indictment. However, a defendant charged with an offense punishable by more than one year's imprisonment may be prosecuted by information "if the defendant – in open court and after being advised of the nature of the charge and of the defendant's rights – waives prosecution by indictment." Fed. R. Crim. P. 7(b). Additionally, under 18 U.S.C. § 3282(a)(1), no one may be "prosecuted, tried, or punished" for any non-capital offense "unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

constitutional right or that reasonable jurists could otherwise find, the Court of Appeals likewise denied his request for a Certificate of Appealability. Order, July 9, 2009, ECF No. 59.

Thereafter, Pennant filed three motions seeking relief under Fed. R. Civ. P. 60(b). In the first, filed on October 21, 2010, Pennant again argued the charge against him was time-barred because, despite the Government's timely filing of the Information within five years of the commission of the offense, he did not waive indictment until several weeks after the limitations period expired. Def.'s Mot. for Relief from Judgment, 2-3, ECF No. 60. As further grounds for Rule 60(b) relief, Pennant contended the Court erred in failing to interpret his § 2255 motion as a challenge to the Court's subject matter jurisdiction and in not permitting him to enlarge his motion to address this issue. *Id.* at 4-7. Pennant therefore asked the Court to vacate its February 11, 2009 Memorandum and Order, reinstate his § 2255 motion, and allow him to brief the jurisdictional question. *Id*. at 8. The Court denied Pennant's motion as meritless because he had expressly waived his right to be charged by indictment and consented to be charged by information at the change of plea hearing on May 10, 2005. Order 2, May 10, 2011, ECF No. 62. Pennant appealed, but the Third Circuit declined to issue a certificate of appealability. Order 1-2, July 18, 2011, ECF No. 67.

Pennant filed a second Rule 60(b) motion on August 8, 2013. Rule 60(b) Motion Based Upon Defect in Integrity of § 2255 Habeas Corpus Proceedings, ECF No. 68. In this motion, Pennant again sought relief from the February 11, 2009 denial of his § 2255 motion alleging there was a defect in the integrity of the proceedings caused by the Court's failure to afford him an evidentiary hearing on his ineffective assistance of counsel claims. *Id.* at 1-2. The Court denied this motion in an Order issued on June 13, 2014, finding Pennant had failed to show this Court lacked jurisdiction to issue the habeas ruling, and failed to show extraordinary circumstances

warranting the reopening of the final judgment in view of the statements he made in open court concerning his knowing and voluntary waiver of indictment. Order 1, June 13, 2014, ECF No. 69. Pennant again appealed to the Third Circuit, which declined to issue a certificate of appealability. Order, Mar. 31, 2015, ECF No. 75.

Pennant filed his third motion seeking relief under Rule 60(b) twice (on May 1 and May 25, 2017). Pro Se Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b), ECF Nos. 77 and 79. Noting that this motion was nearly identical to Pennant's first Rule 60(b) motion filed in October 2010, the Court denied it as duplicative and for the same reasons outlined in the May 10, 2011 Order. Order, Nov. 30, 2017, ECF No. 80. Pennant did not appeal but instead filed the instant Petition for Writ of Error Coram Nobis on February 9, 2018, premised on the same arguments regarding the statute of limitations and ineffective assistance of counsel presented in his motion under § 2255 and his three Rule 60(b) motions. ECF No. 81.

**LEGAL STANDARDS**

The writ of coram nobis is an ancient remedy designed to correct errors of fact. *United States v. Denedo*, 556 U.S. 904, 910 (2009) (internal quotation and citation omitted). As noted by the Supreme Court, the power of a federal court to issue a writ of coram nobis emanates from the All Writs Act, which permits "courts established by Act of Congress" to issue "all writs necessary or appropriate in aid of their respective jurisdictions." *Id.* at 911 (quoting 28 U.S.C. § 1651(a)). A petition for writ of coram nobis provides a way to collaterally attack a criminal conviction for a person who is no longer "in custody" and therefore cannot seek habeas relief or collateral habeas relief under § 2255 or 28 U.S.C. § 2241. *Chaidez v. United States*, 568 U.S. 342, 345, n. 1 (2013). The writ is an "extraordinary remedy" that may only be issued in the most limited of circumstances. *United States v. De Castro*, 49 F.4th 836, 842 (3d Cir. 2022). It is only appropriate

4

"[a] to correct errors for which there was no remedy available at the time of trial, and [b] where 'sound reasons' exist for failing to seek relief earlier." *Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012) (citation omitted). This "sound reason" standard is even stricter than that used to evaluate § 2255 petitions, and the Supreme Court has opined that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Id.* (quoting *Carlisle v. United States*, 517 U.S. 416, 429 (1996)).

Because coram nobis relief seeks out error of the most fundamental kind -- the kind that renders the proceeding itself irregular and invalid, it is not available where the error could be remedied by a new trial. *Ragbir v. United States*, 950 F.3d 54, 62 (3d Cir. 2020) (internal quotation marks and citations omitted). Indeed, it is presumed that the prior proceedings were properly conducted and the burden is on the petitioner to show otherwise. *Id.* To do so, the petitioner must establish five prerequisites: (1) he is no longer in custody; (2) suffers continuing consequences from the purportedly invalid conviction; (3) provides sound reasons for not having sought relief earlier; (4) had no remedy available at the time of trial; and (5) asserts errors of a fundamental kind. *Id.* All five of these elements must be met; if even one is not satisfied, the petition must be denied. *De Castro*, 49 F.4th at 842.

Pennant has not established and cannot establish the foregoing criteria. Pennant was sentenced in October 2005 to 174 months' incarceration to be followed by ten years of supervised release. According to the Federal Bureau of Prisons' inmate locator, https://www.bop.gov/inmateloc/, Pennant was released from prison on January 12, 2018. However, he is still serving his ten-year sentence of supervised release, and, for purposes of coram nobis, supervised release counts as custody. *United States v. Fattah*, Nos. 23-1064, 23-1198, 23-

1531, 2023 U.S. App. LEXIS 18288 at *6 (3d Cir. July 19, 2023). Pennant thus fails to establish the first prerequisite to obtaining coram nobis relief.

Pennant also fails to establish at least two of the other prerequisites. Certainly, his petition fails on its face to provide sound reasons for not having sought relief from his conviction previously because, as outlined above, Pennant *repeatedly* sought relief from his conviction on the same grounds raised here. Again, Pennant filed not only a § 2255 motion, but also *three* motions under Rule 60(b), in which he advanced the same arguments which he makes in the instant petition. And clearly, as this Court has previously explained in detail, there is no fundamental error in this case because Pennant knowingly and intelligently waived his right to be charged by indictment, consented to be charged by information, and expressly waived "all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter related to this prosecution" when he entered his guilty plea with the Government. Guilty Plea Agreement, ¶¶ 1, 10, ECF No. 32; N.T. 34, May 10, 2005, ECF No. 46. Pennant's Petition for Writ of Coram Nobis must therefore be denied.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez

_____

Juan R. Sánchez,           C.J.